**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM BOWIE and SUSAN BOWIE, his wife, <br><br>    Plaintiffs, <br><br>        v. <br><br> JOSHI HOTEL GROUP, LLC, d/b/a QUALITY INNS & SUITES BY CHOICE HOTELS, <br><br>    Defendant. | CIVIL ACTION NO. 3:CV-15-2101 <br><br> (JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is the Notice of Removal filed by Defendant Joshi Hotel Group, LLC ("Joshi"). (Doc. 1.)  Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded to state court unless Defendant can show that diversity jurisdiction is proper.

**I. Background**

Plaintiffs commenced this action on October 1, 2015 in the Luzerne County Court of Common Pleas. (Doc. 1, Ex. A.) In the Complaint, Plaintiffs bring a personal injury action against Defendant for injuries sustained by Plaintiff William Bowie after a fall on May 5, 2013. (*Id*. ¶¶ 12-19, 21.)

On October 30, 2015, Defendant filed Notice of Removal. (Doc. 1.) Defendant seeks to remove the action to this Court on the basis of diversity of citizenship. (Doc. 1, ¶ 7.) Defendant asserts this court has jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id*. at ¶ 8.)

In the Notice of Removal, Defendant avers that Plaintiffs are "individuals and presently reside at 101 Irvine Road, Fayette County, Lexington, Kentucky." (*Id.* at ¶ 2.) Defendant avers that Plaintiffs allege Joshi "is a corporation with its principal place of business at 800 Kidder Street, Wilkes-Barre, Pennsylvania." (*Id.* at ¶ 3.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Defendant alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a). Section 1332(a) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904). Moreover, "[w]hen the foundation of federal

authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A.   Citizenship of Plaintiffs

The Notice of Removal fails to adequately allege the citizenship of the Plaintiffs, the Bowies.  For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Notice of Removal alleges that the Bowies are currently "residing" at 101 Irvine Road, Fayette County, Lexington, Kentucky, this is not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  To properly plead diversity, Defendant must allege Plaintiffs' state of citizenship, not merely their state of residence.  As the Notice of Removal does not contain this fact, the Court cannot determine whether subject matter jurisdiction exists.

**B.     Citizenship of Defendant**

Defendant also fails to correctly allege the citizenship of Defendant Joshi. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010).

Here, the Notice of Removal only includes facts to where Joshi has its principal place of business. (*Id.* at ¶ 3.) But, to properly allege the citizenship of this corporation, Defendant must allege where Joshi has its principal place of business *and* the state in which it is incorporated. Without identification of Joshi's state of incorporation in the Notice of Removal, the Court cannot determine whether there is proper jurisdiction over this action.

### III. Conclusion

As such, Defendant will be given twenty-one (21) days in which to file an amended notice of removal to properly allege the citizenship of Plaintiffs and Defendant.  Failure to do so will result in this action being remanded to the Court of Common Pleas of Luzerne County, Pennsylvania.

An appropriate order follows.

 November 9, 2015                                                                              /s/ A. Richard Caputo  
Date                                                                                             A. Richard Caputo  
                                                                                                           United States District Judge